As to the lots of land embraced in the claim filed by
M. E. Hart and found subject to the mortgage execution
against Wiggins and Allums, a receiver was appointed
and ordered to preserve and protect said property from
waste and trespass, to collect the rents for the ensuing
year, and to keep them until further order, but not to
interfere with the proper possession, use and cultivation
of said lands by any renters or tenants thereof during
the ensuing year. The application for receiver of the
lands described in the execution against the Smiths, and
for the collection of the rents of the same, was refused.
A. T. Hart excepted. The evidence as it comes to this
court is not briefed. The greater portion of it consists
of affidavits and documents each of which is made a.
part of the record by order of the judge.

R. F. Lyon, for plaintiff in error.

Gustin, Guerry & Hall, B. P. Hollis, E. A. Hawkins,
Butt & Lumpkin and W. H. McCrory, contra.

---

Ronsheim & Brothers v. Brimberry.

The charge of the court was warranted by the evidence, and in the
absence of a request to charge more specifically, was full enough
to cover the substantial issues in the case; and the verdict was
not contrary to law or to evidence.          Judgment affirmed.
March 26, 1892. Argued at the last term.

Charge of court. Verdict. Before Judge Bower.
Mitchell superior court. November term, 1890.

This was a suit on an account for clothing sold. It
was defended on the ground that the sale was made on
agreement that the defendant might return such of the
goods as did not, in quality and style, equal the samples
exhibited to him by the plaintiffs' agent, and the clothing
was to be shipped in one lot and without delay; but
that it was shipped in two lots at different times and
after considerable delay, parts of suits in the first lot

being withheld until the second shipment; that the greater portion of the clothing was inferior in style and quality to the samples; and that the defendant paid the plaintiffs for such of the goods as he retained, and shipped the rest back to them in a reasonable time. The evidence was conflicting. The jury found for the defendant. The plaintiffs moved for a new trial on the general grounds, and because of numerous alleged errors in the judge's charge, especially in that it excluded from the consideration of the jury the questions mainly relied on by the plaintiffs, and in that it was not justified by the evidence in the submission of certain issues. The motion was overruled.

SPENCE & TWITTY, by brief, for plaintiffs.
I. A. BUSH, by brief, for defendant.

---

VALENTINE, constable, *v.* KWILECKI *et al.*

If pending a rule in the superior court against a constable for failure to make the money on certain justice's court *fi. fas.* in his hands, he puts himself in default by failing to sell, without any legal excuse, the property on which he had levied the *fi. fas.* previously to the rule being brought, such default may be alleged by way of amendment to the rule, and the rule may be made absolute as a consequence of that default together with his omission to take a forthcoming bond or retain possession of the property levied upon, which omission occurred before the rule was brought.

March 26, 1892. Argued at the last term.        *Judgment affirmed.*

Rule against constable. Amendment. Practice. Before Judge BOWER. Decatur superior court. May adjourned term, 1891.

The petition alleged that Valentine, the constable of the 1188th district G. M., had had two *fi. fas.* of Kwilecki and Russell against Reynolds, issued from the justices' courts of the 513th and 635th districts G. M., in his hands long enough to have made the money due, and had not done so, and that the defendants in *fi. fa.*